UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| SPRY FOX, LLC, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>LOLAPPS, INC, a Delaware Corporation; LOLAPPS MERGER SUB, INC., a Delaware Corporation; 6Waves LLC., a Delaware Limited Liability Company, and DOES 1-10, inclusive,<br><br>Defendants. | Civil Action No. 12-cv-147<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br><br>JURY TRIAL REQUESTED |

Plaintiff Spry Fox, LLC hereby alleges the following cause of action against Defendants.

### I.   NATURE OF THE ACTION

1. Plaintiff Spry Fox, LLC ("Spry Fox") creates and manages electronic games for online, social networks. Spry Fox owns the intellectual rights to a unique game, "Triple Town". Given the game's success on the Amazon Kindle™ platform, Spry Fox decided to substantially enhance the game and expand it into the social networks www.facebook.com ("Facebook™") and plus.google.com ("Google+™"). Prior to the public launch of Triple Town on the social networks, Spry Fox contacted Defendants to become the publisher of Triple Town on Facebook™, and, if successful, on other platforms thereafter.

COMPLAINT-1
Civil Action No. 12-cv-147
SPRY-6-1001 P01 CMP Final

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

2. Initial negotiations between Spry Fox and Defendants did not quickly result in a mutually acceptable arrangement. Spry Fox decided to self-publish Triple Town on Facebook™, though Spry Fox continued to negotiate with Defendants about taking over ongoing publishing responsibility for Triple Town on Facebook™ and discussed expansion into mobile platforms including iOS™ (the platform for Apple's hardware, e.g. iPhone™ and iPad™) and Android™ (a platform shared by many smartphones). Pursuant to a nondisclosure agreement between the parties, Spry Fox granted access to Triple Town's access protected site in to allow Defendants unlimited access to continue evaluating Triple Town for publication.

3. On December 20th 2011, Defendants cut off negotiations to acquire the rights to publish "Triple Town" for the Facebook™ platform and, instead, unabashedly published a clone of Triple Town on the iOS™ platform, which it dubbed "Yeti Town". Defendants illegally distributes the Triple Town clone Yeti Town to customers, through the iTunes™ interface for installation on iOS™ platforms, continues to provide support for monetary transactions within the game, and continues to wrongfully divert customers and revenue from Spry Fox.

## II.   PARTIES

4. Spry Fox LLC ("Spry Fox") is a Washington limited liability company having its principal place of business in Kirkland, Washington.

5. Upon information and belief, LOLApps, Inc. is a Delaware corporation with its principal place of business at 116 New Montgomery Street Suite #700, San Francisco, CA 94105.

6. Upon information and belief, 6Waves, LLC ("6Waves") is a Delaware limited liability company with its principal place of business at 116 New Montgomery Street Suite #700, San Francisco, CA 94105.

7. Upon information and belief, 6Waves, LLC is a related or affiliated entity, but whose relationship with LOLApps, Inc. and to the allegations herein are presently unknown.

COMPLAINT-2
Civil Action No. 12-cv-147
SPRY-6-1001 P01 CMP Final

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

8.      Upon information and belief, LOLApps Merger Sub, Inc., a Delaware corporation, is a related or affiliated entity, but whose relationship with LOLApps, Inc. and with 6Waves, LLC and to the allegations herein are presently unknown.

9.      LOLApps Inc. conducts business in the State of Washington. Collectively, LOLApps, Inc., LOLApps Merger Sub, Inc., and 6Waves, LLC are referred to herein as "LOLApps."

10.     The Doe Defendants include persons and entities assisting or acting in concert with the other Defendants in connection with the acts complained herein. All further references in this Complaint to "Defendant" or "Defendants" expressly include each fictitiously named Defendant. Due to the reorganization between and among the entities, during the material times in question, attribution of actions to the Defendants will be to "LOLApps."

11.     Spry Fox is informed and believes, and thereon alleges, that at all times herein mentioned and material hereto, some or all of said Defendants were the officers, directors, principals, agents, servants, employees and/or authorized representatives of some or each and every other Defendant, and each of them; and that, in doing the actions herein alleged or in not doing those acts herein alleged not to have been performed by omission, said Defendants were acting within the course and scope of such agency and/or authority.

### III.  JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over the claims relating to the Copyright Act (17 U.S.C. §§ 101,501) and the Lanham Act (15 U.S.C. §§1125 et. seq.) pursuant to 28 U.S.C. § 1331 (federal subject matter jurisdiction) and 17 28 U.S.C. §1338(a) (any act of Congress relating to copyrights, patents and trademarks). This Court has subject matter jurisdiction over the related state law claims under 28 U.S.C. § 1367 (action asserting a state claim of unfair competition joined with a substantial and related federal claim under the patent, copyright or trademark laws).

COMPLAINT-3
Civil Action No. 12-cv-147
SPRY-6-1001 P01 CMP Final

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

13. This Court has personal jurisdiction over Defendants because Defendants are doing business in Washington State and have wrongfully diverted business from Spry Fox by posting "Yeti Town" and charging fees for game usage in Washington State.

14. On information and belief, Defendants are subject to both specific and general personal jurisdiction. Defendants market, sell, and support the accused infringing products throughout the United States by means of the Apple iTunes™ App Store™. Further, on information and belief, each Defendant regularly solicits and conducts business in and/or derives substantial revenue from goods and services provided to residents of Washington including the actual sale, on January 25, 2011, of six thousand two hundred "coins" to a Seattle Washington resident from within the Yeti Town game. Accordingly, both jurisdiction and venue are proper in this court. 28 U.S.C. §§ 1391 and 1400.

### IV. GENERAL ALLEGATIONS

15. Spry Fox, through its employees Daniel Cook and David Edery, laid out the strategies and authored the original game play for Triple Town as it would operate on the Facebook™ social media site. Spry Fox developed a fully integrated game for publication on both Facebook™ and on the Google+™ platform for play in web browsers such as Firefox™, Chrome™ and Internet Explorer™. Spry Fox has also subsequently released a mobile version of Triple Town in the Android Market™ and for Android™ and iTunes™ for iOS™ based devices.

16. Based upon a first publication date of October 3, 2011, Spry Fox promptly registered its work, Triple Town, with the United States Copyright Office, such registration issuing on December 27, 2011. A true and correct copy of Certificate of Registration, PA 1-764-597, is attached hereto as Exhibit "A" and is incorporated by this reference. The registered work includes the source code and screen shots.

17. Shortly after publication, Gamezebo™, a leading website in the game community, recognized the quality and uniqueness of Triple Town with accolades as the Best Facebook™ game of 2011 at http://www.gamezebo.com/news/2011/12/07/best-facebook-games-2011.

COMPLAINT-4
Civil Action No. 12-cv-147
SPRY-6-1001 P01 CMP Final

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Likewise, Gamasutra™, another leading website state Triple Town was the number two social game of 2011 at

http://www.gamasutra.com/view/news/39193/Gamasutras_Best_Of_2011_Top_5_Social_Games.php

18. Edge™, a printed periodical magazine for the gaming community awarded runner-up honors to Triple Town in the category, Best Indie [(independently produced)] Game of 2011 and heralded the award at its website at

http://www.thunderboltgames.com/forums/index.php?threads/edge-236-reviews-and-goty.3362/

19. Significantly, Google™ was especially commodious in offering Triple Town as its 20th game to launch on the Google+™ social network, a direct competitor to Facebook™.

20. Desiring to expand its customer base, Spry Fox entered negotiations with 6Waves for the purpose of publishing Triple Town to Facebook™ users, and eventually to other platforms as well.

21. On July 8, 2011, Spry Fox and 6Waves entered into a Nondisclosure Agreement which is attached hereto as Exhibit "B" and incorporated herein by this reference. Once LOLApps executed the Nondisclosure Agreement and pursuant to that Nondisclosure Agreement, Spry Fox allowed LOLApps unlimited access to a closed beta of Triple Town where LOLApps would be able to fully evaluate and play Triple Town.

22. More than six months after the signing of the Nondisclosure Agreement, LOLApps abruptly stopped participating in negotiations and simultaneously released Yeti Town in the iTunes™ App Store™ where all applications for installation on the iOS™ platforms are distributed.

23. Yeti Town is a virtual duplicate of the Triple Town game. Rather than the bears as the nemeses to town building in Triple Town, Yetis perform an identical role. Saplings in Yeti Town perform identically to grass in Triple Town. Bushes in Triple Town are congruent to trees in Yeti Town. In Triple Town, trees are the third level, in Yeti Town, tents. The fourth level in

COMPLAINT-5
Civil Action No. 12-cv-147
SPRY-6-1001 P01 CMP Final

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

Triple Town are huts, in Yeti Town, cabins. With this straightforward mapping of elements, rules are virtually identical as are the actions of the game in response to player inputs.

24. Just as with Triple Town, the application itself is distributed for free, however, users purchase from the iTunes™ App Store™ various advantages in playing the game that will allow more rapid completion of the tasks the game comprises. These advantages were sold in the same manner, for the same quantity of "virtual currency", in the same amounts in the first public version of the Yeti Town game.

25. On the day that Yeti Town was released, the representative who had been handling the negotiations on the part of 6Waves, Dan Laughlin, Executive Director of Business Development, sent a message to David Edery at Spry Fox announcing the launch of Yeti Town in words and symbols substantially as follows:



26. Within the community of players, the Yeti Town game was immediately recognized as a clone of Triple Town. For example, the news website, Inside Social Games at: http://www.insidesocialgames.com/2011/12/20/6waves-lolapps-launches-first-mobile-games/ stated: Yeti Town is a matching game nearly identical to Spry Fox's Triple Town.

COMPLAINT-6
Civil Action No. 12-cv-147
SPRY-6-1001 P01 CMP Final



LOWE GRAHAM JONES™
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

27. Another website, Games.com stated, "Replace "saplings" with "bushes", "tents" with "houses" and "yetis" with "bears". What do you get? Something that would look a lot like independent developer Spry Fox's Triple Town at its site;

http://blog.games.com/2011/12/21/yeti-town-iphone-ipad/

28. Still another such website, gamezebo.com stated in its review of Yeti Town: "Unfortunately for Yeti Town, the only substantial difference between it and Facebook's Triple Town is the platform it's on. Otherwise it's the exact same game, only this time with snow." This quote is found at http://www.gamezebo.com/games/yeti-town/review

29. At http://www.insidemobileapps.com/2011/12/21/emerging-free-ios-apps-minomonsters-jetpack-joyride-and-trade-mania/ , the reviewer stated, "The game is essentially Spry Fox's Facebook and Google+ hit Triple Town, but with a different theme, replacing bears with yetis and castles with skyscrapers."

30. Others in the gaming community of users were confused because of the near identicality of the two games. Believing that both were from the same source, users decided to play the game and in playing the game, to purchase advantages from LOLApps through the App Store™ site.

COMPLAINT-7
Civil Action No. 12-cv-147
SPRY-6-1001 P01 CMP Final

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## V.   FIRST CAUSE OF ACTION
### (COPYRIGHT INFRINGEMENT [17 U.S.C. §§101, SEQ.])
### AGAINST ALL DEFENDANTS

31.     Spry Fox refers to and incorporates paragraphs 1 to 30 above as though fully set forth herein.

32.     LOLApps deliberately and intentionally copied the game play, rules, player interaction with the game, and, most importantly, the virtual store and stock of Triple Town as described. LOLApps copied Triple Town's layout and arrangement, visual presentation, sequence and flow, scoring system, and Triple Town's overall look.

33.     LOLApps copied the layout and arrangement of Triple Town. In each game, the rules and game play proceed virtually identically. Players can purchase identical numbers of advantages for identical prices in either of the games virtual stores.

34.     Among the many aspects LOLApps copied was the actual language of the tutorial of the game. For example, where Triple Town describes game play: "Grass turns into bushes, bushes into trees, trees into huts and so on" Yeti Town describes "Saplings become Trees. Trees become Tents. Tents become Cabins and so on."



COMPLAINT-8
Civil Action No. 12-cv-147
SPRY-6-1001 P01 CMP Final

35. Another aspect of the game is the method and immobilization of the nemesis of the game. As stated above, in Triple Town, the nemesis is a bear, in Yeti Town, a Yeti. In Triple Town, trapping a bear causes him to turn into a gravestone. In Yeti Town, trapping a Yeti causes him to turn to an ice cube:



36. In both games there are characters that destroy good and bad objects. In Triple Town, they are called Imperial Bots and in Yeti Town, they are campfires:



COMPLAINT-9
Civil Action No. 12-cv-147
SPRY-6-1001 P01 CMP Final

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

37.     Many user interface elements have been copied in Yeti Town from Triple Town. For example, the tip system used in Triple Town to help players understand what items will combine into other items, which appears at the bottom left of the screen, was copied identically in Yeti Town.



38.     Another example of user interface cloning is the "reward popup" that appears when a player completes a game of Triple Town. Yeti Town has a nearly identical popup, with the same elements in the same places, using nearly identical language.



39.     As stated above, a source of revenue within either of the games is the virtual store that allows player to purchase advantages within the game such as supplying a third object to create a match. One aspect of the Triple Town game that is unique is the limits placed upon the ability of players to purchase advantages. Unlike other electronic games where an unlimited number of advantages may be purchased by players to advance their score and, thus, their standing in the community of players, Triple Town introduced a regimen that limits the number

COMPLAINT-10
Civil Action No. 12-cv-147
SPRY-6-1001 P01 CMP Final



LOWE GRAHAM JONES^PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

of purchases, thereby reducing the cumulative advantage a player can purchase. Even the means of representing transactions for potential advancements is virtually identical. Purchases in either of Triple Town or Yeti Town are conducted in a virtual currency that in each game are stated as "coins". Players can either earn coins through game play or purchase coins with real money through interaction with the iTunes™ App Store™. One of the evident indicia of copying is that both the prices of advantages available for purchase in terms of coins and the particular number of those advantages available in the virtual stores are identical. By way of non-limiting example: the number of turns (200) that are sold for 950 coins. The number of wildcards is four in number ("crystals" in Triple Town and "snowflakes" in Yeti Town) and they are sold for 1,500 coins each. The number of destroyers, described in paragraph 31 above ("Imperial Bots" and "Campfires" respectively), is four in number and they are sold for 1,000 coins, each.



40. LOLApps copied the sequence and flow of Triple Town. Players in both games are confined to the same parameters based on a match three order of play. Players must efficiently use their skill and calculation to complete construction of towns by filling a 6 x 6 grid with such objects as they can, matching objects to advance those objects up a defined hierarchy of objects, and the cumulative effect of populating the grid is to give greater and greater value to

COMPLAINT-11
Civil Action No. 12-cv-147
SPRY-6-1001 P01 CMP Final



LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

the resulting town. LOLApps copied the overall plot, theme, mood, setting, pace, characters, and sequence of Triple Town. As demonstrated in more detail above and at trial, Yeti Town copied the physical and operational aspects of Triple Town by copying the layout and arrangement of Triple Town, the visual presentation of each screen display within the game, the sequence and flow of the game, the scoring system used by the game, and the overall look and feel of the game. Furthermore, Yeti Town copied the underlying premise behind the game, which is to build your town.

41. LOLApps copied Triple Town in a manner that clearly infringes on Spry Fox's copyright and unless LOLApps are enjoined, they will continue do so. At no time did Spry Fox authorize LOLApps to reproduce, adapt, or distribute Triple Town.

42. Ultimately, Spry Fox published Triple Town for iOS™ several weeks after LOLApps published Yeti Town.

43. Each player that is wrongfully diverted to Yeti Town constitutes the loss of related revenues Spry Fox could reasonably have expected to earn.

44. As a direct result of LOLApps' actions, infringement of Spry Fox's rights, Spry Fox has sustained, and will continue to sustain, substantial injury, loss, and damages in an amount exceeding $100,000.00 and as proven at trial.

45. Spry Fox is entitled to a permanent injunction restraining LOLApps, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in further acts of copyright infringement.

46. Spry Fox is further entitled to recover from LOLApps the gains, profits and advantages LOLApps have obtained as a result of their acts of copyright infringement. Spry Fox is at present unable to ascertain the full extent of the gains, profits and advantages LOLApps have obtained by reason of their acts of copyright infringement, but Spry Fox is informed and believes, and on that basis alleges, that LOLApps obtained such gains, profits and advantages in an amount exceeding $500,000.00.

COMPLAINT-12
Civil Action No. 12-cv-147
SPRY-6-1001 P01 CMP Final

LOWE GRAHAM JONES PLLC
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

## VI. SECOND CAUSE OF ACTION
### (UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN 115 U.S.C. 1125(A))
### AGAINST ALL DEFENDANTS

47. Spry Fox refers to and incorporates paragraphs 1 to 45 above as though fully set forth herein.

48. Spry Fox operates Triple Town, its flagship game, under the mark "Triple Town". The mark consists of the words in a stylized format.

49. Spry Fox first adopted and began using this mark in or around October 3, 2011 when it launched Triple Town on Facebook™ and the mark is protected under common law. Spry Fox is in the process of obtaining formal trademark registration.

50. Spry Fox has continuously used this mark since that date to identify its Triple Town game and the mark is intended to identify the game across different social networking platforms.

51. Triple Town currently has over 300,000 monthly active users across Facebook™ and Google+™. The Internet, however, constitutes a virtual market that spans the globe. Spry Fox has worked to promote this mark as part of its distinctive game site within the social networking community as well as the mobile platform gaming community.

52. The font type/graphic style for "Yeti Town" is markedly similar to "Triple Town". LOLApps have placed the name "Yeti Town" in or around the same locations throughout the game as in Triple Town.

53. For the reasons alleged herein, Spry Fox's mark Triple Town has become associated with, distinctive of and consequently identifies, Spry Fox, its goods and no other goods.

54. LOLApps' violation of Spry Fox's common law trademark rights is likely to cause confusion, mistake, or deception among customers in violation of the Lanham Act.

COMPLAINT-13
Civil Action No. 12-cv-147
SPRY-6-1001 P01 CMP Final

LOWE GRAHAM JONES™
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

55. As a direct result of LOLApps' violation of 15 U.S.C. §§ 1125(a) et. seq., ("Lanham Act"), Spry Fox has sustained, and will continue to sustain, substantial injury, loss and damages in an amount exceeding $100,000.00 and as proven at trial.

56. Spry Fox is entitled to a permanent injunction restraining LOLApps, their officers, directors, agents, employees, representatives and all persons acting in concert with them from engaging in the conduct described herein that violates the Lanham Act.

57. Spry Fox is further entitled to recover from LOLApps the gains, profits, and advantages LOLApps have obtained as a result of their violation of the Lanham Act. Spry Fox is at present unable to ascertain the full extent of the gains, profits, and advantages LOLApps have obtained by reason of their acts of copyright infringement, but Spry Fox is informed and believes, and on that basis alleges, that LOLApps obtained such gains, profits, and advantages in an amount exceeding $500,000.00.

## VII.   PRAYER FOR RELIEF

**WHEREFORE,** Spry Fox prays for judgment against Defendants as follows:

1. For a permanent injunction enjoining LOLApps and all persons acting in concert with them from manufacturing, producing, distributing, adapting, displaying, advertising, promoting, offering for sale and/or selling, or performing any materials that are substantially similar to Triple Town, and to deliver to the Court for destruction or other reasonable disposition all materials and means for producing the same in LOLApps' possession or control;

2. For a permanent injunction, enjoining LOLApps and all persons acting in concert with them from using the name "Yeti Town" in connection with any web-based puzzle-style video game on any social networking website or from otherwise using Spry Fox's mark, "Triple Town", or any confusingly similar mark thereof, in any way causing the likelihood of confusion, deception, or mistake as to the source, nature, or quality of LOLApps' games and to deliver to



the Court for destruction or other reasonable disposition all materials bearing the infringing mark in LOLApps possession or control;

  3. For any and all damages sustained by Spry Fox in a sum no less than $100,000.00;

  4. For all of LOLApps' profits wrongfully derived from the infringement of Spry Fox's intellectual property rights in an amount no less than $500,000.00;

  5. For reasonable attorney's fees;

  6. For costs of suit herein; and,

  7. For other such relief as the Court deems proper.

RESPECTFULLY SUBMITTED this 26th day of January, 2012.

        s/ Mark L. Lorbiecki, WSBA No. 16796
        Lorbiecki@LoweGrahamJones.com

        LOWE GRAHAM JONES<sup>PLLC</sup>
        701 Fifth Avenue, Suite 4800
        Seattle, WA 98104
        T: 206.381.3300
        F: 206.381.3301

        Attorneys for Spry Fox, LLC

COMPLAINT-15
Civil Action No. 12-cv-147
SPRY-6-1001 P01 CMP Final



LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301